## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 29, 2015                    520631
_____

In the Matter of the Claim of
    STEWART LICHTEN,
                    Appellant,

        v

NEW YORK CITY TRANSIT                    MEMORANDUM AND ORDER
    AUTHORITY,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:   September 11, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____


        Geoffery Schotter, New York City, for appellant.

        Jones Jones, LLC, New York City (Carmel Corcoran of
counsel), for New York City Transit Authority, respondent.

                    _____


McCarthy, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed May 8, 2014, which, among other things, ruled that claimant
did not sustain a causally related disability to his bilateral
knees.

        Claimant worked as a bus driver, but stopped working in
January 2010 after he suffered a heart attack.  In March 2011, he
filed a claim for workers' compensation benefits based upon an
occupational disease stemming from repetitive stress injuries to
his legs, including his hips, knees and feet, caused by his many

years of working as a bus driver. The self-insured employer controverted the claim and hearings were conducted before a Workers' Compensation Law Judge (hereinafter WCLJ). At the conclusion of the hearings and based upon the medical evidence presented, the WCLJ established the case for an occupational disease to claimant's bilateral hips, but disallowed the claim with respect to his bilateral knees, and made schedule loss of use awards. On appeal, the Workers' Compensation Board, among other things, upheld that portion of the WCLJ's decision disallowing the claim relating to claimant's bilateral knees. Claimant now appeals.

Initially, in order to be entitled to workers' compensation benefits based upon an occupational disease, "'the claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her employment'" (Matter of Satalino v Dan's Supreme Supermarket, 91 AD3d 1019, 1019 [2012], quoting Matter of Ferraina v Ontario Honda, 32 AD3d 643, 644 [2006]). Moreover, where medical proof is relied upon to demonstrate the existence of a causal relationship, it must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility (see Matter of Phelan v Bethpage State Park, 126 AD3d 1276, 1277 [2015], lv denied 25 NY3d 911 [2015]; Matter of Dizenzo v Henderson & Johnson, 114 AD3d 1014, 1014 [2014]).

Here, claimant's occupational disease claim is premised upon the repetitive stress injuries that he sustained while using his legs to operate his bus over many years. Three medical professionals testified before the WCLJ with respect to this issue. A board-certified rheumatologist had treated claimant while he was still employed and for some time thereafter. When asked to identify what complaints claimant made during this time period, the doctor explained that claimant complained of hip and foot pain, and that those continued to be claimant's complaints through 2012, approximately two years after he had ceased driving a bus. The rheumatologist gave no opinion regarding claimant's knees.

Claimant's treating orthopedist also testified. He stated that, after treating claimant fairly regularly during 2011, he

diagnosed claimant with, among other things, degenerative arthritis of the left and right knees. He opined that these conditions were causally related to claimant's work activities, explaining that the repetitive use of his legs to apply the brakes and gas were stressors that could worsen the development of these conditions over time. The orthopedist who conducted an independent medical examination of claimant on behalf of the self-insured employer opined that claimant's osteoarthritic conditions were caused by a preexisting condition. He acknowledged the possibility that claimant's use of his right leg in applying the brake could have potentially aggravated an existing condition in claimant's right knee, but he did not render an opinion regarding the likelihood that this, in fact, had been the case with claimant.

Accordingly, only claimant's treating orthopedist opined that driving a bus had, in fact, aggravated claimant's existing knee condition. The fact that neither of the remaining experts took a contrary position — or took a position on the matter at all — did not mandate that the Board credit the opinion of claimant's treating orthopedist. The Board could reasonably conclude from the rheumatologist's testimony that, at the time that claimant was employed and for some time thereafter, he was not experiencing knee problems. The Board was equally entitled to discredit claimant's treating orthopedist's opinion that, despite this absence of knee complaints, claimant had been aggravating an existing knee condition while he was driving a bus prior to January 2010. Such a credibility determination is within the Board's authority (see Matter of Tangorre v Tech Home Elec., LLC, 124 AD3d 1183, 1184 [2015]; Matter of Ward v General Utils., 100 AD3d 1113, 1113 [2012]). Accordingly, we find that substantial evidence supports the Board's decision.

Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court