◼ In the Matter of the Claim of MICHAEL SIMPSON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [55 NYS3d 534]—

McCarthy, J.P. Appeal from a decision of the Workers' Compensation Board, filed April 1, 2016, which ruled that claimant did not sustain a causally related disability to his knees.

Claimant, a bus driver for 25 years who retired in 2011, applied for workers' compensation benefits claiming that, as a result of repetitive stress to his knees, he had sustained an occupational disease. While claimant's treating physician opined that his knee condition was causally related to his work, Pierce Ferriter, an orthopedic surgeon who performed an independent medical exam on claimant in 2012, concluded that it was not causally related. Claimant subsequently underwent an MRI of each knee that disclosed, among other things, possible meniscus tears, degeneration and edema in both knees, ligament strain or partial tear in the right knee, ligament strain

in the left knee, and a loose body abutting the tibial plateau bone in the right knee. A second orthopedic surgeon, Carl Wilson, thereafter conducted an independent medical exam of claimant and concluded, based on the MRI results and medical records, that his condition was not causally related. Following a hearing, the Workers' Compensation Board credited the testimony of Wilson that claimant's knee problems are not work-related injuries, relying in part on the Board's interpretation of the MRI results and Ferriter's early finding of age-related arthritis in both knees. On appeal, this Court reversed and remitted for further proceedings, finding that the Board had inaccurately read the MRI results and that it was unclear to what extent this impacted its decision to credit Wilson's medical opinion (136 AD3d 1192, 1193 [2016]). Upon further consideration of the entire record on remittal, the Board again disallowed the claim, finding Wilson's testimony of no causal relationship to be credible. Claimant now appeals.

We affirm. As an initial matter, "in order to be entitled to workers' compensation benefits based upon an occupational disease, the claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her employment" (*Matter of Lichten v New York City Tr. Auth.*, 132 AD3d 1219, 1219 [2015] [internal quotation marks and citations omitted]; *see* Workers' Compensation Law § 2 [15]). In disallowing the claim, the Board credited Wilson's testimony, which was based upon his exam of claimant and a review of his medical records, including the MRI results for each knee. Wilson diagnosed claimant with "bilateral knee strain with underlying degenerative changes," and concluded that his knee problems were not causally related to his work activity but, rather, were due to "wear and tear, osteoarthritis, and degenerative changes" that were age-related. This opinion was based upon, among other things, the fact that claimant had not sustained an injury at work and that his knee condition would not have resulted from repeatedly bending and straightening his leg.

We find that Wilson's medical opinion of no causal relationship is, as required, based upon "a probability of the underlying cause [of his knee condition] that is supported by a rational basis" (*Matter of Lichten v New York City Tr. Auth.*, 132 AD3d at 1219). It was within the Board's exclusive province to credit the opinion of Wilson over that of claimant's treating physician, who is not an orthopedic surgeon and did not have the benefit of the MRI results (*see Matter of Johnson v Adams & Assoc.*, 140 AD3d 1552, 1553 [2016]). As the Board's decision

crediting Wilson's opinion of no causally-related occupational disease is supported by substantial evidence, it will not be disturbed, even if the record contains a medical opinion and evidence that could have supported a different result (*see Matter of Jones v Consolidated Edison Co. of N.Y., Inc.*, 130 AD3d 1106, 1107 [2015]; *Matter of Phelan v Bethpage State Park*, 126 AD3d 1276, 1278 [2015], *lv denied* 25 NY3d 911 [2015]; *Matter of Cappelletti v Marcellus Cent. Sch. Dist.*, 125 AD3d 1082, 1083 [2015]).

Finally, contrary to claimant's contention, the Board's decision is not contrary to this Court's remittal order (136 AD3d at 1193). To that end, our remittal order was based upon the *Board's* misreading of the MRI results and did not preclude the Board from crediting and relying upon Wilson's expert testimony and interpretation of the MRI results.

Egan Jr., Rose, Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.