Matter of Nasir v BJ's Wholesale Club, Inc. (2020 NY Slip Op 07971)





Matter of Nasir v BJ's Wholesale Club, Inc.


2020 NY Slip Op 07971


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

531378

[*1]In the Matter of the Claim of Nayyar Nasir, Appellant,
v
BJ's Wholesale Club, Inc., Respondent. Workers' Compensation Board, Respondent.

Calendar Date: November 18, 2020

Before: Lynch, J.P., Clark, Mulvey and Colangelo, JJ.


Ewall & Ewall Law Offices, Huntington (John F. Clennan, Ronkonkoma, of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City (Brian M. Anson of counsel), for BJ's Wholesale Club, Inc., respondent.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed October 17, 2019, which, among other things, classified claimant with a nonschedule permanent partial disability.
In 2014, claimant was injured in a work-related accident, and her ensuing claim for workers' compensation benefits was established for injuries to the head, neck, back, right shoulder, right elbow and right hip. In 2017, claimant sought a permanency opinion from her treating physician. After two examinations of claimant's right shoulder, elbow and hip, with substantially the same findings, claimant's physician opined that claimant had reached maximum medical improvement with respect to those injury sites and that, based upon her range of motion deficits, she has a 60% schedule loss of use (hereinafter SLU) of her right arm and a 60% SLU of her right leg. A medical examiner selected by the employer examined claimant approximately three months thereafter and, having examined all of claimant's sites of injury, also concluded that she had reached maximum medical improvement. The employer's examiner opined that claimant sustained a 20% SLU of her right shoulder, a 0% SLU of both her right elbow and right hip and a nonschedule permanent impairment to her cervical and lumbar spine. A Workers' Compensation Law Judge (hereinafter WCLJ), considering the reports and deposition testimony of both experts, found that claimant was entitled to an SLU award, as opposed to a nonschedule classification, and that she has a 60% SLU of the right arm and 60% SLU of the right leg, issuing awards to that end. Those awards were later rescinded by the Workers' Compensation Board in a decision filed in August 2018. Therein, the Board concluded that, in accordance with the opinion of the employer's examiner and the 2012 Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity, claimant's injuries were amenable to a permanent partial disability classification. The Board then classified claimant accordingly and continued the case for further development of the record as to her loss of wage-earning capacity. Claimant's application for full Board review of the August 2018 decision was denied, and she did not perfect a judicial appeal from that decision.
At a hearing in October 2018, claimant testified that she was involved in an off-the-job car accident in March 2018 and had not worked since. Thereafter, a WCLJ found that claimant had a 15% loss of wage-earning capacity, entitling her to wage loss benefits not to exceed 225 weeks; however, the WCLJ also concluded that, because claimant experienced no causally-related lost earnings, she was not presently entitled to any award, a finding that was memorialized in a written decision filed October 22, 2018.[FN1] Claimant administratively appealed, citing Matter of Taher v Yiota Taxi, Inc. (162 AD3d 1288 [2018], lv dismissed 32 NY3d 1197 [2019]) and arguing that the Board's August 2018 classification was merely the grant of [*2]additional, future wage loss benefits and, in granting as much, the Board neither rejected the SLU percentages offered by her physician nor precluded the WCLJ from issuing her SLU awards in accordance therewith. Thus, in claimant's view, the WCLJ erred in failing to issue her SLU awards after her loss of wage-earning capacity was determined. Observing that its August 2018 decision had gone undisturbed and was therefore final, the Board held, as relevant here, that "upon review of the record and based upon a preponderance of the evidence, . . . the WCLJ properly classified [claimant] with a permanent partial disability under [Workers' Compensation Law] § 15 (3) (w)." Claimant appeals.
Initially, we reject the employer's argument that claimant was required to perfect an appeal from the Board's August 2018 decision, which continued the matter for determination of claimant's loss of wage-earning capacity, in order to challenge the propriety of her classification — an issue that the Board nevertheless revisited in the decision appealed from — or the ultimate conclusion that she is not entitled to any actual monetary award in light of that classification (see Matter of Taher v Yiota Taxi, Inc., 162 AD3d at 1290; see generally Matter of Thompson v Hayduscko, 185 AD3d 1327, 1329 [2020]). However, the decision on appeal, when considered in conjunction with the August 2018 decision that the Board expressly relied upon, requires clarification.
It appears that the Board, at the time of the subject decisions, still held the mistaken belief that a claimant is not simultaneously entitled to both an award for an SLU and a nonschedule permanent partial disability classification. It is therefore unclear whether the Board committed an error similar to the one in Matter of Taher based on this mistaken belief, or whether the Board reached its determination that claimant was not entitled to SLU awards for her arm or her leg based on factual and credibility findings that declined to credit the evidence regarding claimant's SLU percentages, such that the record lacked evidence to support any SLU awards. We acknowledge that the Board is vested with the discretion to resolve conflicting medical opinions and that, in doing so, it may accept or reject those opinions in whole or in part (see Matter of Jewett v New York City Tr. Auth., 174 AD3d 1254, 1254 [2019]; Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d 1132, 1136 [2017]). This Court's decision in Matter of Taher did not divest the Board of that discretion. However, because we cannot tell from the Board's decision whether the Board exercised such discretion or whether it instead reached its determination based on a mistaken interpretation of the law, we remit for clarification.
Lynch, J.P., Clark and Colangelo, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision[*3].



Footnotes

Footnote 1: Based on the limited record before us, it appears that, following the 2014 accident, claimant had returned to work and was working at preinjury wages until her car accident.