Matter of Goutermout v County of Oswego, Town of Volney Highway Dept. (2021 NY Slip Op 03357)





Matter of Goutermout v County of Oswego, Town of Volney Highway Dept.


2021 NY Slip Op 03357


Decided on May 27, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 27, 2021

532039
[*1]In the Matter of the Claim of Terri Goutermout, Appellant,
v
County of Oswego, Town of Volney Highway Department, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 27, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Meggesto, Crossett & Valerino, LLP, Syracuse (Bethany Nicoletti of counsel), for appellant.
Wolff, Goodrich & Goldman, LLP, Syracuse (Alicia M. Blair of counsel), for County of Oswego, Town of Volney Highway Department and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed December 31, 2019, which, among other things, disallowed claimant's claim for workers' compensation death benefits.
Claimant's husband (hereinafter decedent) died after suffering a cardiac incident at work, and claimant subsequently filed a claim for workers' compensation death benefits. Stephen Nash, an independent medical examiner, provided a medical report and deposition testimony opining that decedent's death was causally related to his employment.[FN1] Also in connection with the claim, Karl Hafner, who, as decedent's treating physician, filled out the C-64 proof of death form, testified as to the causal connection between decedent's employment and his death. During their deposition testimony, however, it was disclosed that both Nash and Hafner had ex parte communications with claimant's counsel.
Following submission of memorandum of law by the parties, the Workers' Compensation Law Judge (hereinafter WCLJ) found that the ex parte communication with Nash and Hafner was extensive and gave no weight to their medical opinions. Turning to the merits, the WCLJ disallowed the death benefit claim due to the lack of sufficiently supporting medical evidence that decedent's death was causally related to his employment. Upon administrative appeal, the Workers' Compensation Board adopted the WCLJ's findings and affirmed the decision. Claimant appeals.
We affirm. Workers' Compensation Law § 13-a (6) (a) prohibits "the improper influencing or attempt by any person improperly to influence the medical opinion of any physician who has treated or examined an injured employee." Workers' Compensation Law § 137 (1) (b) provides that, "[i]f a practitioner who has performed or will be performing an independent medical examination of a claimant receives a request for information regarding the claimant, including faxed or electronically transmitted requests, the practitioner shall submit a copy of the request for information to the [B]oard within [10] days of receipt of the request." "Request for information, for purposes of Workers' Compensation Law [§] 137 (1) (b), . . . means any substantive communication with an independent medical examiner, or his or her office, regarding the claimant from any person or entity . . . that takes place or is initiated outside of the independent medical examination, including . . . questions or inquiries related to the claimant or the examination, and the provision of information to the examiner for review in connection with a request for the examiner's professional opinion with regard to the claimant or the examination" (12 NYCRR 300.2 [b] [11]; see Matter of Keller v Cumberland Farms, 178 AD3d 1260, 1261 [2019], lv denied 35 NY3d 912 [2020]).
In response to various inquiries, the Board also issued Subject No. 046-124, which provides that every effort should be made to avoid even the appearance of attempting to influence the opinion of a health care professional[*2](see Matter of Knapp v Bette & Cring LLC, 166 AD3d 1428, 1429-1430 [2018]). To that end, Subject No. 046-124 notes that, depending on the nature of the communication, the WCLJ or Board may choose to afford no weight to the evidence provided by the health care professional.
We are unpersuaded by claimant's contention that the Board abused its discretion in failing to give any weight to the medical opinions of Nash and Hafner. There is no dispute that both Nash and Hafner had ex parte communications with claimant's counsel. Nash testified that, on the day before the deposition, he met with claimant's counsel at counsel's office for an hour to review records and discussed the basics of what the deposition would entail. Hafner testified that, in his contact with claimant's counsel, he and claimant's counsel went over various records, including depositions, medical records and the autopsy, on the telephone for over 15 minutes in preparation for completing the C-64 proof of death form. The relevant statutes and regulations make clear that parties are to be notified of substantive communication with medical professionals (see Workers' Compensation Law §§ 13-a, 137; 12 NYCRR 300.2). Given the extensive nature of the communications, which involved review of medical records and discussions regarding the completion of forms, we are unpersuaded by claimant's contention that the Board erred in not finding such communication to be ministerial (cf. Matter of Knapp v Bette & Cring LLC, 166 AD3d at 1430). Furthermore, considering the nature of the extensive ex parte communications, we find no reason to disturb the Board's discretionary determination to give no weight to the medical opinions of Nash and Hafner, notwithstanding claimant's contention to the contrary (cf. id.).
To the extent that claimant asserts that the Board's determination should be reversed because Subject No. 046-124 is unconstitutional, we note that the Board's decision was not strictly based upon the Subject No. 046-124, but on the applicable forementioned statutes and regulations regarding communication with the independent medical examiners and other medical professionals. Furthermore, as we have previously noted, "[i]n our view, Subject No. 046-124 comports with the Board's obligation to ensure the integrity of independent medical examinations and the Board's administrative and discretionary authority" (Matter of Knapp v Bette & Cring LLC, 166 AD3d at 1430). Claimant's remaining contentions are without merit.
Egan Jr., Lynch and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Nash's initial medical report, which also found a causal relationship between decedent's death and his employment, was precluded because the medical documentation reviewed in connection with his report was not properly filed with the Workers' Compensation Board.