Matter of Gandurski v Abatech Indus., Inc. (2021 NY Slip Op 03355)





Matter of Gandurski v Abatech Indus., Inc.


2021 NY Slip Op 03355


Decided on May 27, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 27, 2021

531864
[*1]In the Matter of the Claim of Wieslaw Gandurski, Appellant,
v
Abatech Industries, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 29, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Geoffrey Schotter, New York City, for appellant.
Gitto & Neifer, LLP, Binghamton (Jason M. Carlton of counsel), for Abatech Industries, Inc. and another, respondents.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed February 6, 2020, which ruled that claimant did not sustain a causally-related occupational disease and denied his claim for workers' compensation benefits.
In April 2002, claimant left his employment as an asbestos handler and/or removal worker after having worked in that profession for at least 13 years. Then, from 2002 through March 2019, claimant worked as a union organizer. In June 2019, claimant filed an occupational disease claim for workers' compensation benefits, alleging that he sustained binaural hearing loss due to prolonged and repeated exposure to loud noise while working as an asbestos handler for the employer. The employer and its workers' compensation carrier controverted the claim, arguing, among other things, that there was no causal relationship between claimant's hearing loss and his work with the employer. In July 2019, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence of binaural hearing loss based upon the medical records submitted by claimant. A hearing ensued, after which the WCLJ disallowed the claim, finding that there was insufficient medical evidence to support a causal connection between claimant's job duties as an asbestos handler with the employer and the claimed binaural hearing loss. Upon administrative appeal, the Workers' Compensation Board agreed, finding that claimant failed to submit sufficient credible evidence to support his occupational disease claim of causally-related hearing loss. Claimant appeals.
We affirm. An occupational disease is "a disease resulting from the nature of employment and contracted therein" (Workers' Compensation Law § 2; see Matter of Mack v County of Rockland, 71 NY2d 1008, 1009 [1988]). "To be entitled to workers' compensation benefits for an occupational disease, a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical evidence" (Matter of Nicholson v New York City Health & Hosps. Corp., 174 AD3d 1252, 1252 [2019] [internal quotation marks and citations omitted]; accord Matter of Phelan v Bethpage State Park, 126 AD3d 1276, 1277 [2015], lv denied 25 NY3d 911 [2015]; see Matter of Simpson v New York City Tr. Auth., 151 AD3d 1160, 1161 [2017]; Matter of Lichten v New York City Tr. Auth., 132 AD3d 1219, 1219 [2015]; see generally Workers' Compensation Law §§ 49-ff, 49-gg, 49-hh). "Moreover, where medical proof is relied upon to demonstrate the existence of a causal relationship, it must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of Lichten v New York City Tr. Auth., 132 AD3d at 1219 [citations omitted]; see Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d 1391, 1392 [2018]; Matter of Hartigan v Albany County Sheriff's Dept., 140 [*2]AD3d 1258, 1259 [2016]; Matter of Granville v Town of Hamburg, 136 AD3d 1254, 1255 [2016]). "The Board's decision regarding the presence and classification of a medical condition — i.e., an occupational disease — is a factual consideration that will not be disturbed if it is supported by substantial evidence" (Matter of Nicholson v New York City Health & Hosps. Corp., 174 AD3d at 1252 [internal quotation marks and citations omitted]; see Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d 1067, 1069 [2018]).
Claimant, who testified that he had no hearing loss prior to working in the asbestos industry, predicated his occupational disease claim on his alleged repeated exposure, without hearing protection, to loud machinery while working for the employer for approximately five years until he left that employment in 2002. In support of his claim, claimant offered May 2019 and June 2019 medical narratives from Michael Alleva, his treating physician, who concluded that claimant's biaural hearing loss was secondary to the noise exposure that claimant experienced during his 18 years of employment in the asbestos removal profession. In rendering that finding, Alleva also opined that, after claimant left his asbestos-related employment in 2002, claimant worked in a "non-noise environment as an office worker" and reported no further occupational noise exposure.
The evidence before the Board, however, also included a November 2017 medical report from Renata Ukowska, a physician who examined claimant at that time and included in her report that claimant has "right ear hearing loss for the last 30 years due to an accident." In addition, claimant conceded in his testimony that, while working as a union organizer from 2002 through March 2019, he also worked in the field, where he would visit building construction sites that exposed him to the operation of various machinery and construction trucks. Claimant further explained that he had attended approximately 15 loud protest demonstrations during his tenure as a union organizer. Although claimant denied having sustained right hearing loss from any accident occurring 30 years ago, the Board rejected claimant's testimony in this regard and found that claimant did not provide to Alleva an accurate medical history and history of his occupational noise exposure and, consequently, found Alleva's findings of causally-related biaural hearing loss incredible. Inasmuch as the instant credibility assessments and resolution of factual considerations, "particularly with regard to the issue of causation, are within the exclusive province of the Board," the Board was entitled to reject Alleva's findings of causation (Matter of Granville v Town of Hamburg, 136 AD3d at 1256 [internal quotation marks and citation omitted]; see Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d at 1070; Matter of Lichten v New York City Tr. Auth., 132 AD3d at 1220). Accordingly, we find that, based [*3]upon the evidence before the Board, substantial evidence supports its determination that there was insufficient medical evidence to support a causal connection between claimant's job duties as an asbestos handler with the employer of record and the claimed occupational binaural hearing loss (see Matter of Nicholson v New York City Health & Hosps. Corp., 174 AD3d at 1253-1254; Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d at 1069; Matter of Lichten v New York City Tr. Auth., 132 AD3d at 1220-1221; compare Matter of Granville v Town of Hamburg, 136 AD3d at 1255-1256). Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be without merit.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.