Matter of Molina v Delta Airlines Inc. (2022 NY Slip Op 00238)





Matter of Molina v Delta Airlines Inc.


2022 NY Slip Op 00238


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

533303
[*1]In the Matter of the Claim of Leyda Molina, Respondent,
v
Delta Airlines Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:November 16, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Cipriani & Werner, PC, Binghamton (Brandon W. Sawyer of counsel), for appellants.
Goldsmith & Tortora, Commack (Kris Hedquist of counsel), for Leyda Molina, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed October 8, 2020, which ruled, among other things, that claimant sustained a causally-related occupational disease and set a date of disablement.
Claimant, a flight attendant for an airline, started experiencing respiratory problems including coughs and shortness of breath shortly after she began wearing the employer-provided uniform for work in July 2018. Her symptoms progressively worsened over the next year, during which she consulted numerous medical providers who made various diagnoses and ordered treatments and tests, none of which cured her symptoms or supplied an answer as to the cause of her ongoing respiratory symptoms. In June 2019, claimant was examined by John Meyer, an occupational medicine specialist with public health and toxicology training, who reviewed her medical history and ruled out the prior diagnoses as the cause of her ongoing symptoms. Based in part upon his involvement with other patients who experienced similar respiratory problems with new flight attendant uniforms and claimant's symptomology history, Meyer determined that her symptoms were consistent with and caused by an allergic response to her work uniform, and assisted her in obtaining an exemption from wearing that uniform. Claimant discontinued wearing her uniform and reported a significant improvement in her symptoms. Claimant filed a claim for workers' compensation benefits for cough, dyspnea (shortness of breath) and respiratory abnormalities, supported by Meyer's medical opinion that her uniform was the cause of her ongoing respiratory symptoms.
Claimant was further examined by Stanley Goldstein, an allergist, at the behest of the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier), who concluded that her exposure to the uniform was not the cause of her respiratory symptoms. The carrier also produced a toxicologist who tested the fabric used in the uniforms and did not find chemicals at a level that would cause adverse health effects in sensitive persons.
After considering the medical testimony and reports, a Workers' Compensation Law Judge disallowed the claim, crediting the medical opinions of Goldstein and the carrier's toxicologist. On administrative review, the Workers' Compensation Board reversed and established the claim for occupational disease to include cough, dyspnea and respiratory abnormalities, crediting Meyer's medical opinion. The Board set June 10, 2019 as the date of disablement, the date Meyer determined that claimant's condition was causally related to her work uniform. The carrier appeals.
We affirm. "[A]n occupational disease derives from the very nature of the employment, not a specific condition peculiar to an employee's place of work nor from an environmental condition specific to the place of work" (Matter of Phelan v Bethpage State Park, 126 AD3d 1276, 1277 [2015] [internal quotation marks, brackets and [*2]citations omitted], lv denied 25 NY3d 911 [2015]; accord Matter of Bodisch v New York State Police, 195 AD3d 1274, 1275 [2021]; see also Workers' Compensation Law § 2 [15]). "To establish an occupational disease, the claimant must demonstrate a recognizable link between his or her condition and a distinctive feature of his or her employment" (Matter of Barker v New York City Police Dept., 176 AD3d 1271, 1272 [2019] [internal quotation marks and citations omitted], lv denied 35 NY3d 902 [2020]). "Moreover, where medical proof is relied upon to demonstrate the existence of a causal relationship, it must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of Gandurski v Abatech Indus., Inc., 194 AD3d 1329, 1330 [2021] [internal quotation marks and citations omitted]). "Importantly, the Board's decision as to whether to classify a certain medical condition as an occupational disease is a factual determination that will not be disturbed if supported by substantial evidence" (Matter of Barker v New York City Police Dept., 176 AD3d at 1272 [internal quotation marks and citations omitted]).
Claimant testified that she had no prior allergies and had never smoked, that her severe, persistent cough and respiratory symptoms began shortly after she began wearing the work uniform and grew progressively worse over time, subsiding only when she was away from work for periods of time, and that her symptoms returned in "full force" when she resumed working. After she discontinued wearing the uniform, the symptoms abated. In support of its finding of an occupational disease, the Board expressly credited the detailed medical opinion and testimony of Meyer, that there was a causal relationship, over the contrary conclusions of the other physicians. As the Board found, Meyer's opinion was based upon "the temporal onset of . . . claimant's respiratory symptoms, which presented shortly after coming into contact with the new employer uniforms, and that the . . . symptoms declined when the uniforms were removed." The Board found that proffered diagnoses from other medical providers were either disproven or disregarded as the confirmatory tests were either negative or not probative of her respiratory symptoms. Claimant's uniform was never tested, and the Board rationally rejected the toxicologist's testimony regarding testing on bulk fabric samples; upon cross-examination, he conceded that the uniforms undergo the addition of chemicals during the finishing process.
As Meyer's testimony established a recognizable link between claimant's symptoms and her work uniform that was rationally supported, and signified a probability as to the requisite causal connection, the Board's determination is supported by substantial evidence and will not be disturbed (see Matter of Valdez v Delta Airlines, Inc., 197 AD3d 1382, 1383 [2021]; Matter of Barker v New York City Police Dept., [*3]176 AD3d at 1272). To that end, the Board is vested with the exclusive authority to resolve conflicting medical opinions, particularly with regard to causation, and is not bound by the credibility determinations of the Workers' Compensation Law Judge (see Matter of DeCandia v Pilgrim Psychiatric Ctr., 196 AD3d 953, 956 [2021]; Matter of Restrepo v Plaza Motors of Brooklyn, Inc., 181 AD3d 1108, 1110 [2020]; Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d 1067, 1070 [2018]). The carrier's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.