Matter of Powers v State Material Mason Supply (2022 NY Slip Op 00932)





Matter of Powers v State Material Mason Supply


2022 NY Slip Op 00932


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

533583
[*1]In the Matter of the Claim of Michael Powers, Appellant,
v
State Material Mason Supply et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 7, 2022

Before:Garry, P.J., Egan Jr., Aarons and Colangelo, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany (Janis M. Riekstins of counsel), for State Material Mason Supply and another, respondents.



Garry, P.J.
Appeals (1) from a decision of the Workers' Compensation Board, filed December 11, 2020, which ruled that claimant did not sustain a causally-related occupational disease and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed March 2, 2021, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a delivery truck driver, filed a claim for workers' compensation benefits in 2020, citing injuries to his back resulting from repetitive stress and use in the performance of his work duties. The employer and its workers' compensation carrier controverted the claim. Following a hearing, a Workers' Compensation Law Judge found prima facie medical evidence of an occupational disease to claimant's back. Upon administrative review, the Workers' Compensation Board reversed and disallowed the claim, finding instead that claimant failed to establish a causally-related occupational disease. Claimant's application for reconsideration and/or full Board review was denied. Claimant appeals.
Initially, "[i]n order for an occupational disease to be established, the claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her employment" (Matter of Garcia v MCI Interiors, Inc., 158 AD3d 907, 908 [2018] [internal quotation marks and citations omitted]; see Matter of Phelan v Bethpage State Park, 126 AD3d 1276, 1277 [2015], lv denied 25 NY3d 911 [2015]). In this regard, "the Board is vested with the discretion to resolve conflicting medical opinions and . . ., in doing so, it may accept or reject those opinions in whole or in part" (Matter of Nasir v BJ's Wholesale Club, Inc., 189 AD3d 1951, 1953 [2020]). "The Board's decision regarding the presence and classification of a medical condition — i.e., an occupational disease — is a factual consideration that will not be disturbed if it is supported by substantial evidence" (Matter of Nicholson v New York City Health & Hosps. Corp., 174 AD3d 1252, 1252 [2019] [internal quotation marks and citations omitted]; accord Matter of Gandurski v Abatech Indus., Inc., 194 AD3d 1329, 1330 [2021]).
Pertinent here, Workers' Compensation Law § 13-a (6) prohibits "the improper influencing or attempt by any person improperly to influence the medical opinion of any physician who has treated or examined an injured employee." In turn, the Board issued Subject No. 046-124, which further provides that, in complying with Workers' Compensation Law § 13-a (6), " parties and their representatives should make every effort to avoid even the appearance that they are attempting to influence the opinion of a health care professional" and, to this end, "parties and their representatives are required to send a copy of any written communication with a health care professional to the opposing parties and their legal representative" (Workers' Comp Bd Release Subject No. 046-124; see Matter of Knapp v Bette & Cring LLC[*2], 166 AD3d 1428, 1429-1430 [2018]). "Depending on the nature of the communication, the . . . Board . . . may choose to afford that evidence little or no weight, such as when information conveyed to the health care professional is false or misleading, when the inquiries made are ambiguous or leading, when the communication is verbal, or when the contact appears to violate [Workers' Compensation Law § 13-a (6)]" (Workers' Comp Bd Release Subject No. 046-124). On administrative appeal, "[t]he Board is granted broad jurisdiction that includes the power, on its own motion or on application, to modify or rescind a [Workers' Compensation Law Judge's] decision and its continuing jurisdiction embraces the power of modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just" (Matter of Christensen-Mavrigiannakis v Nomura Sec. Intl., Inc., 175 AD3d 1748, 1754 [2019] [internal quotation marks, brackets, ellipses and citations omitted]; see Workers' Compensation Law § 123).
Claimant testified that he began working for the employer in March 2017 and that his duties included driving a truck, carrying masonry and concrete supplies, securing material to his truck and operating a forklift, which required him to lift, bend, push and pull. He testified that he first experienced symptoms in October 2018, stopped working in September 2019 and underwent back surgery a month later. He denied having experienced symptoms prior to October 2018, but confirmed that he has suffered from rheumatoid arthritis, resulting in permanent nerve damage, since at least 2012.
Mark Sterling, claimant's treating physician, testified that he examined claimant on multiple occasions. Notably, none of his medical narratives following those examinations indicates a connection between claimant's condition and his employment. The record reflects, however, that Sterling received a letter from claimant's counsel prior to his deposition testimony, which listed claimant's job duties and provided information regarding the development and onset of claimant's symptoms — including that, contrary to claimant's testimony, his symptoms began in March 2019. The letter further informed Sterling that, "[t]o proceed with [claimant's] claim[,] we will need prima facie medical evidence[,]" including "a diagnosis[] and a statement indicating whether in [his] opinion the diagnosis is causally related to the history received." Claimant's counsel then wrote that he "defer[red] to [Sterling's] medical expertise" and thanked him for his "anticipated cooperation." Sterling then sent reply correspondence stating that, based upon the contents of claimant's letter, "there is no doubt" that claimant's work duties for the employer "contributed to the progression of his symptoms" but that "his work for [the employer] cannot be the sole cause of his disability and injuries." Counsel's letter was dated March 2020, but was not filed with the Board [*3]until July 2020, after Sterling had already been deposed.
Sterling testified that an MRI taken in June 2019 confirmed that claimant suffers from multilevel degenerative discs and facet arthropathy superimposed on congenital spinal stenosis. Contrary to claimant's assertion, however, Sterling testified that it was initially represented to him that claimant's symptoms to his back and radiating pain to his left leg began 10 years prior to 2019. Moreover, Sterling explained that the conditions suffered by claimant develop over "many years" and could be the result of a combination of factors, including cigarette smoking, environmental exposures and genetics. When asked about how the condition may relate to claimant's job duties, Sterling testified that they could have contributed to his condition, but that this assessment was based upon claimant's duties and employment history as described in his counsel's March 2020 letter, and that he did not know how long claimant had worked as a truck driver. Sterling further testified that the March 2020 letter is "part of what contributed to [his] current medical opinion." The medical notes of Salvatore Zavarella, claimant's surgeon, fail to mention any connection between claimant's condition and his employment and, during his deposition, Zavarella likewise indicated that he had no opinion as to a causal connection between claimant's injuries and his employment.
The Board, sua sponte, found that counsel's ex parte March 2020 letter to Sterling failed to comply with Workers' Compensation Law § 13-a based upon Sterling's testimony of the impact of its contents on his medical conclusions, among other concerns (see Workers' Compensation Law § 13-a [6]; Matter of Goutermout v County of Oswego, Town of Volney Hwy. Dept., 194 AD3d 1333, 1335 [2021]). This finding was then used as part of the Board's credibility calculus in weighing Sterling's testimony and, ultimately, in its determination that his testimony had been "undermined." Accordingly, as the instant credibility assessments and resolution of factual considerations, particularly on the issue of causation, are within the exclusive province of the Board, it was entitled to reject Sterling's findings as to causation (see Matter of Gandurski v Abatech Indus., Inc., 194 AD3d at 1331; Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1278 [2016]; compare Matter of Knapp v Bette & Cring LLC, 166 AD3d 1428, 1430 [2018]).
We further note that, contrary to claimant's assertion on appeal, he was given the opportunity to address his counsel's March 2020 letter, as Sterling was questioned and cross-examined extensively on his understanding and reliance upon the letter and claimant further addressed the issue during summations. In view of the foregoing, we find that the Board's determination that claimant did not submit credible medical evidence of a causally-related occupational disease is supported by substantial evidence (see Workers' Compensation [*4]Law § 13-a [6]; Matter of Gandurski v Abatech Indus., Inc., 194 AD3d at 1331; Matter of Nicholson v New York City Health & Hosps. Corp., 174 AD3d at 1253-1254; Matter of Phelan v Bethpage State Park, 126 AD3d at 1278). In light of our determination, we do not find that the Board's denial of claimant's application for reconsideration and/or full Board review was arbitrary, capricious or an abuse of discretion (see Matter of Pryer v Incorporated Vil. of Hempstead, 175 AD3d 1663, 1666 [2019]; Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1242 [2019]).
Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.