Matter of Seymour v American Stock Transfer & Trust Co. (2022 NY Slip Op 03418)





Matter of Seymour v American Stock Transfer & Trust Co.


2022 NY Slip Op 03418


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

531404
[*1]In the Matter of the Claim of Stacy Seymour, Appellant,
v
American Stock Transfer & Trust Company et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 25, 2022

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Joel M. Gluck, New York City, for appellant.
Chartwell Law Offices, New York City (Marissa J. Huber of counsel), for American Stock Transfer & Trust Company and another, respondents.



Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed November 6, 2019, which ruled that claimant did not sustain a causally-related occupational disease and denied her claim for workers' compensation benefits.
Claimant, a customer service representative, filed a claim for workers' compensation benefits in September 2018 alleging injuries to her neck, back and wrists from repetitive stress and use in the performance of her work duties. The employer and its workers' compensation carrier controverted the claim. Following a hearing, a Workers' Compensation Law Judge found that claimant failed to establish a causally-related occupational disease and disallowed the claim. The Workers' Compensation Board affirmed this decision, and claimant appeals.
We affirm. An occupational disease is "a disease resulting from the nature of employment and contracted therein" (Workers' Compensation Law § 2 [15]; see Matter of Barker v New York City Police Dept., 176 AD3d 1271, 1272 [2019], lv denied 35 NY3d 902 [2020]). "To be entitled to workers' compensation benefits for an occupational disease, a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical evidence" (Matter of Nicholson v New York City Health & Hosps. Corp., 174 AD3d 1252, 1252 [2019] [internal quotation marks and citations omitted]; accord Matter of Gandurski v Abatech Indus., Inc., 194 AD3d 1329, 1329-1330 [2021]). "In this regard, the Board is vested with the discretion to resolve conflicting medical opinions and, in doing so, it may accept or reject those opinions in whole or in part" (Matter of Powers v State Material Mason Supply, 202 AD3d 1265, 1266 [2022] [internal quotation marks, ellipsis and citation omitted]; see Matter of Arias v U.S. Concrete, Inc., 198 AD3d 1052, 1054 [2021]). "The Board's decision regarding the presence and classification of a medical condition — i.e., an occupational disease — is a factual consideration that will not be disturbed if it is supported by substantial evidence" (Matter of Gandurski v Abatech Indus., Inc., 194 AD3d at 1330 [internal quotation marks and citations omitted]; see Matter of Nicholson v New York City Health & Hosps. Corp., 174 AD3d at 1252-1253).
Claimant testified that she worked for the employer for eight years and that her job duties required her to type on a computer for 7½ hours a day while sitting in one position. According to claimant, she began feeling pain in her back and wrists in September 2017 and she stopped working in April 2018. Claimant also testified that she has attended college for the past nine years, earning two Associate's degrees and that, at the time of the hearing, she was pursuing a Bachelor's degree. Although claimant testified that she fluctuated between going to school full time and part time during those years, she was generally required to sit in class for three to six hours a day, [*2]while still working full time for the employer. Claimant also used a computer for schoolwork, including homework assignments as well as researching and writing term papers.
Claimant's treating neurologist, Ranga Krishna, diagnosed claimant as suffering from bilateral carpal tunnel syndrome and a lumbar radiculopathy based upon his examination of her and a report of an MRI conducted on claimant in May 2018 that indicated two disc herniations in claimant's lumbar spine. In Krishna's opinion, claimant's condition is causally related to her work duties. Krishna admittedly reached his opinion without conducting any diagnostic studies of claimant's upper and lower extremities, testifying that those studies, and a more extensive MRI of claimant's lumbar spine, were pending at the time of the hearing. Further, Krishna was not aware of the extent of claimant's school activities, testifying that he was under the impression that claimant had only taken part-time courses for one year.[FN1] In light of the foregoing, "the Board was free to reject this less-than-compelling medical evidence, and its finding that claimant did not submit credible medical evidence of a causally-related occupational disease is supported by substantial evidence and will not be disturbed" (Matter of Urdiales v Durite Concepts Inc/Durite USA, 199 AD3d 1214, 1216 [2021] [internal quotation marks, brackets and citations omitted], lv denied ___ NY3d ___ [May 19, 2022]; see Matter of Nicholson v New York City Health & Hosps. Corp., 174 AD3d at 1254).
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Richard Lechtenberg, a neurologist who examined claimant on behalf of the employer's workers' compensation carrier, observed "no consistent objective restriction of movement at any joint of [claimant's] spine" and noted that there was no objective testing supporting a finding of carpal tunnel syndrome or lumbar radiculopathy.