Matter of Bonet v New York City Tr. Auth. (2022 NY Slip Op 03427)





Matter of Bonet v New York City Tr. Auth.


2022 NY Slip Op 03427


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

533489
[*1]In the Matter of the Claim of David Bonet, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:April 21, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Schotter, Millican, Sinaniyeva & Masilela, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, South Hauppauge (Theresa E. Wolinski of counsel), for New York City Transit Authority, respondent.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed January 8, 2021, which ruled that claimant did not sustain a causally-related occupational disease and denied his claim for workers' compensation benefits.
Prior to taking his regular service retirement in November 2019, claimant worked for the employer for 29 years in various capacities, including as a track worker/specialist operator. In that dual role, claimant was responsible for track repairs, which included transporting tools to and from the work site, and operating heavy equipment. Although claimant apparently began experiencing pain in his neck and shoulders during the last three or four years of his employment, he did not incur any lost time from work or seek medical treatment prior to retiring. Shortly after retiring, however, claimant filed a claim for workers' compensation benefits alleging repetitive stress injuries to his neck and shoulders. The employer controverted the claim contending, among other things, that claimant failed to make out a claim for an occupational disease. Following a hearing and the deposition of claimant's treating physician, a Workers' Compensation Law Judge found that claimant did not tender sufficient evidence to establish a causal connection between his work activities and the claimed occupational disease. Upon administrative review, the Workers' Compensation Board agreed and denied the claim. This appeal ensued.
We affirm. An occupational disease "does not derive from [either] a specific condition peculiar to an employee's place of work, [or] from an environmental condition specific to the place of work" but, rather, results from the nature of the employment itself (Matter of Patalan v PAL Envtl., 202 AD3d 1252, 1252 [2022] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 2 [15]; Matter of Molina v Delta Airlines Inc., 201 AD3d 1193, 1194 [2022]). "To establish an occupational disease, the claimant must demonstrate a recognizable link between his or her condition and a distinctive feature of his or her employment" (Matter of Patalan v PAL Envtl., 202 AD3d at 1253 [internal quotation marks and citations omitted]; accord Matter of Molina v Delta Airlines Inc., 201 AD3d at 1194; see Matter of Gandurski v Abatech Indus., Inc., 194 AD3d 1329, 1329 [2021]). Where, as here, a claimant relies upon medical proof "to demonstrate the existence of a causal relationship, [such proof] must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of Molina v Delta Airlines Inc., 201 AD3d at 1194 [internal quotation marks and citations omitted]; accord Matter of Granville v Town of Hamburg, 136 AD3d 1254, 1255 [2016]; Matter of Lichten v New York City Tr. Auth., 132 AD3d 1219, 1219 [2015]).[FN1] Notably, "the Board's decision as to whether to classify a certain medical condition as an occupational disease is a factual determination [*2]that will not be disturbed if supported by substantial evidence" (Matter of Barker v New York City Police Dept., 176 AD3d 1271, 1272 [2019] [internal quotation marks and citation omitted], lv denied 35 NY3d 902 [2020]; see Matter of Powers v State Material Mason Supply, 202 AD3d 1265, 1266 [2022]; Matter of Gandurski v Abatech Indus., Inc., 194 AD3d at 1330).
Although claimant testified at length regarding the various tasks he performed during the course of his employment, including the specific tools he utilized and the repetitive motions associated therewith, his treating physician's knowledge of claimant's work history and job requirements was far less detailed. Indeed, neither the reports filed by claimant's treating physician nor his deposition testimony "reflect[ed] that he had adequate knowledge of any of claimant's specific job duties, except in the most generalized sense, or the amount of time spent on those duties" (Matter of Patalan v PAL Envtl., 202 AD3d at 1253). The physician's initial reports indicated only that claimant "injured himself due to repetitive motions" and generically identified the "critical demands" of claimant's employment as "bending, pushing, pulling, lifting, carrying, reaching above shoulder level, sitting, standing and walking." Although claimant apparently completed an intake form detailing the requirements of his job during his initial office visit in December 2019, that form is not included in the record, and a report prepared by the physician in late January 2020 indicated that a formal description of claimant's employment responsibilities was not available, prompting the physician to rely solely upon claimant's verbal explanation of his duties.
Similarly, although the physician testified that claimant developed neck and shoulder pain "due to repetitive stress and forceful use of the upper extremities at the job using heavy machinery," he was unaware of either the specific motions required or the tools utilized by claimant on a daily basis, the amount of time that claimant spent each day performing repetitive tasks, claimant's last day of work or the date upon which claimant retired. The physician, who last examined claimant in early March 2020, also apparently had not reviewed the results of the MRI conducted later that month. In light of the "less-than-compelling medical evidence" tendered by claimant (Matter of Yanas v Bimbo Bakeries, 134 AD3d 1321, 1321 [2015] [internal quotation marks and citations omitted]), substantial evidence supports the Board's finding that claimant failed to establish that he had sustained an occupational disease (see Matter of Patalan v PAL Envtl., 202 AD3d at 1253; Matter of Barker v New York City Police Dept., 176 AD3d at 1272; Matter of Yanas v Bimbo Bakeries, 134 AD3d at 1321). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Pritzker, Colangelo and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Contrary to claimant's assertion, neither the quoted language nor this Court's decision in Matter of Barker v New York City Police Dept. (176 AD3d 1271 [2019], lv denied 35 NY3d 902 [2020]) imposes an additional evidentiary burden upon a claimant seeking workers' compensation benefits for an occupational disease. Rather, the language and holding at issue speak to the quality of the medical proof needed to establish the requisite causal relationship and "merely reaffirm[] the claimant's affirmative burden to establish by credible evidence all necessary elements of [his or her] claim" (Employer: NYCT, 2020 WL 1918507, *4, 2020 NY Wrk Comp LEXIS 11788, *9-10 [WCB No. G247 1014, Apr. 9, 2020]).