Matter of Petti v Asplundh Constr. Corp. (2025 NY Slip Op 07057)

Matter of Petti v Asplundh Constr. Corp.

2025 NY Slip Op 07057

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-24-1606
[*1]In the Matter of the Claim of Richard Petti, Appellant,
v
Asplundh Construction Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 17, 2025

Before:Garry, P.J., Clark, Aarons, McShan and Mackey, JJ.

Schwartzapfel Lawyers PC, Garden City (Sachin Gadh of counsel), for appellant.
David F. Wertheim, State Insurance Fund, Albany (Rudolph Rosa Di Sant of counsel), for Asplundh Construction Corp. and another, respondents.

Mackey, J.
Appeal from a decision of the Workers' Compensation Board, filed August 27, 2024, which, among other things, disallowed claimant's claim for workers' compensation benefits.
Claimant, a retired road construction worker, filed a claim for workers' compensation benefits in 2023, citing binaural hearing loss resulting from exposure to loud, construction noises during the performance of his work duties. The employer and its workers' compensation carrier controverted the claim. Following a hearing, a Workers' Compensation Law Judge determined that claimant's counsel had improper ex parte verbal communications with claimant's physician and, thus, accorded no weight to the physician's medical report and disallowed the claim. Thereafter, claimant applied for administrative review, after which the Workers' Compensation Board affirmed the Workers' Compensation Law Judge's determination precluding the report and disallowing the claim finding that the communication between claimant's counsel and the physician was "suggestive, rather than ambiguous." Claimant appeals.
We affirm. As is relevant here, Workers' Compensation Law § 13-a (6) prohibits "the improper influencing or attempt by any person improperly to influence the medical opinion of any physician who has treated or examined an injured employee." To further clarify that point, the Board issued Workers' Comp Bd Release Subject No. 046-124, which notes that "parties and their representatives should make every effort to avoid even the appearance that they are attempting to influence the opinion of a health care professional" (see Matter of Knapp v Bette & Cring LLC, 166 AD3d 1428, 1429-1430 [3d Dept 2018]). " 'Depending on the nature of the communication, the Board may choose to afford that evidence little or no weight, such as when . . . the communication is verbal' " (Matter of Powers v State Material Mason Supply, 202 AD3d 1265, 1266-1267 [3d Dept 2022] [ellipses omitted], lv denied 38 NY3d 914 [2022], quoting Workers' Comp Bd Release Subject No. 046-124).
Claimant submitted a medical report prepared by his physician on July 17, 2023, wherein the physician indicated that exposure to loud noise could cause irreversible damage to the inner ear. Four days after the original report was prepared, the physician added an addendum, noting that claimant's "lawyer called and asked if [the hearing loss] could be related to [claimant's] job." Claimant's counsel acknowledged that he contacted the physician but insisted that it was not related to a material issue, but rather, simply to request claimant's medical records. Given the language in the physician's comment indicating that he was specifically asked by claimant's counsel if the hearing loss was job related — a material issue — the Board was unpersuaded that the contact was limited to simply a request for medical records. Regardless, such communication was still made in violation of the Board's Subject No. 046-124. Accordingly, it was within the Board's discretion [*2]to preclude or give no weight at all to the physician's report, and we find no basis in the record to disturb its finding (see Matter of Powers v State Material Mason Supply, 202 AD3d at 1268; Matter of Goutermout v County of Oswego, Town of Volney Hwy. Dept., 194 AD3d 1333, 1335 [3d Dept 2021]). Without a report from a physician, claimant failed to meet his burden by submitting credible medical evidence of a causally related occupational disease and, as a result, there is substantial evidence in the record to support the Board's decision to disallow the claim (see Matter of Gunness v Prime Piping & Heating Inc., 234 AD3d 1082, 1083-1084 [3d Dept 2025]; Matter of Velez v Eger Health Care & Rehab Ctr., 217 AD3d 1095, 1096-1097 [3d Dept 2023]; Matter of Nicholson v New York City Health & Hosps. Corp., 174 AD3d 1252, 1253-1254 [3d Dept 2019]).
To the extent they have not been addressed herein, claimant's remaining arguments are either unpreserved or have been considered and found to lack merit.
Garry, P.J., Clark, Aarons and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.