[963 NE2d 1234, 940 NYS2d 533]

In the Matter of the Claim of KATHLEEN F. CAPPELLINO, Appellant, v BAUMANN & SONS BUS COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Argued January 5, 2012; decided February 9, 2012

### APPEARANCES OF COUNSEL

*Law Office of Joel M. Gluck*, Brooklyn (*Joel M. Gluck* of counsel), for appellant.

*Cherry, Edson & Kelly, LLP*, Carle Place (*David W. Faber* of counsel), for respondents.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the case remitted to that court to remand to the Workers' Compensation Board for further proceedings in accordance with the following memorandum.

John Cappellino was employed by Baumann & Sons Bus Company as a bus driver. In July 2000, while supervising a van and bus wash, he suffered a fatal heart attack. Claimant, the decedent's wife, brought a claim for death benefits under the Workers' Compensation Law.

A Workers' Compensation Law Judge found that the employer failed to file its notice of controversy (C-7) within 25 days of the mailing of the notice that the case had been indexed, as required by Workers' Compensation Law § 25 (2) (b). That provision provides, in relevant part, as follows:

> "Failure to file the notice of controversy within the prescribed twenty-five day time limit shall bar the

employer and its insurance carrier from pleading that the injured person was not at the time of the accident an employee of the employer, or that the employee did not sustain an accidental injury, or that the injury did not arise out of and in the course of the employment."

Nevertheless, a hearing was held at which a physician retained by the employer was permitted to testify that, in his opinion, decedent's work activity was not a precipitating cause of his death. That was error.

On appeal, the Workers' Compensation Board found that the employer's physician provided contrary medical evidence to the claimant's proof and demonstrated a significant issue as to the accuracy of the factual history relied upon by the claimant's doctor. Based on this finding, it concluded that further development of the issue of causal relationship was warranted and the case was referred to an Impartial Specialist, who considered, among other things, the testimony of the employer's physician. The Impartial Specialist opined that the "evidence for causal relation to work" was inadequate. Both the Workers' Compensation Board and the Appellate Division later relied on these findings in holding that decedent's death was not causally related to his work.

Here, there is an undisputed finding that the employer untimely filed the notice of controversy and there was no showing of good cause or other reason to excuse the failure. Thus, the employer should have been precluded from offering its physician's testimony to dispute claimant's evidence on the issue of causation. The Board must determine, without regard to the employer's proof, whether claimant, in the first instance, demonstrated that the decedent's death was work-related.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.