Matter of McAndrews v Buffalo Sewer Auth. (2019 NY Slip Op 03121)





Matter of McAndrews v Buffalo Sewer Auth.


2019 NY Slip Op 03121


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

527180

[*1]In the Matter of the Claim of DONALD McANDREWS, Claimant,
v
BUFFALO SEWER AUTHORITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: March 21, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Rumsey, JJ.


Williams & Williams, Buffalo (Jared L. Garlipp of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the Workers' Compensation Board, filed October 30, 2017, which ruled that claimant sustained a causally-related injury and awarded workers' compensation benefits.
Claimant, a laborer, filed a claim for workers' compensation benefits (a C-3 form) alleging that he had slipped on water that had leaked onto a hallway floor at work, twisting both knees and ankles. Claimant's treating orthopedic surgeon, Michael Grant, concluded that claimant had a work-related injury to both knees with possible torn menisci and a sprain to both ankles with exacerbation of underlying arthritic conditions. By decision filed April 27, 2017, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that the notice of controversy filed by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) was untimely, and precluded the carrier from raising defenses other than contesting causal relationship (see Workers' Compensation Law § 25 [2] [b]). At a hearing, claimant testified regarding the incident and was subject to cross-examination, which the WCLJ limited to the issue of causal relationship. The carrier raised the issue of whether claimant had committed fraud within the meaning of Workers' Compensation Law § 114-a, based upon the differing descriptions of claimant's work-related injuries in the accident report, which indicates that he twisted his right ankle and knee, and the C-3 claim form, in which he reported that he twisted both knees and ankles. The WCLJ found that claimant had testified credibly regarding the incident and had submitted prima facie medical evidence of a causal relationship, and established the case for work-related bilateral knee and ankle injuries. The WCLJ denied the carrier's request for further testimony regarding Workers' Compensation Law § 114-a, finding insufficient [*2]evidence of fraud. On administrative appeal, the Workers' Compensation Board affirmed, rejecting the carrier's argument that the claim should be established only for aggravation to the right knee and ankle, and the contention that the claim related to claimant's left knee and ankle should be disallowed. The carrier appeals.
The carrier does not dispute that its notice of controversy was untimely (see Workers' Compensation Law § 25 [2] [b]). "Failure to timely file the notice of controversy precludes the employer [and its carrier] from contesting, among other things, that the injury . . . arose out of and in the course of a [worker's] employment" (Matter of Stevenson v Yellow Railway Corp., 114 AD3d 1057, 1059 [2014]). This requires the Board to "determine, without regard to the [carrier's] proof, whether claimant . . . demonstrated that the [injury] was work-related" and prohibits the carrier from offering "testimony to dispute claimant's evidence on causation" (Matter of Cappellino v Baumann & Sons Bus Co., 18 NY3d 890, 892 [2012]). Although preclusion does not relieve a claimant of the burden of demonstrating a causal relationship, here claimant submitted undisputed medical evidence of causation, i.e., Grant's report, which the Board was free to, and did, credit (see Matter of Cunningham v New York City Tr. Auth., 122 AD3d 1042, 1042-1043 [2014]).
The carrier argues that the discrepancy between the accident report prepared the day of the accident and the claim form completed four months later undermined the credibility and competency of claimant's medical proof, in that Grant relied upon an inaccurate history provided by claimant of the work-related injuries that he sustained. However, the Board reached a contrary conclusion, finding that "Grant's report . . . provides credible medical evidence of causal relationship that is supported by a rational basis." Grant's report reflects that, in seeking treatment, claimant indicated that he had injured both knees and ankles, consistent with his claim form and testimony [FN1]. Claimant testified that after his fall, his knees and ankles hurt and that he reported this to Grant when he later sought medical care. Claimant testified that he "thought [he] put down [that he injured] both" of his knees and ankles in the accident report, that he could not explain why the accident report did not reflect an injury to both and that the report contained someone else's handwriting and had been altered, which a review of the document appears to support. The Board had broad authority to credit claimant's testimony and infer that the accident report was inaccurate or incomplete (see Matter of Wilson v Southern Tier Custom Fabricators, 51 AD3d 1228, 1229 [2008]). Accordingly, as the Board's decision was based upon its assessment of witness credibility, of which it is the sole arbiter, we discern no basis upon which to disturb its factual finding that there was sufficient, unrebutted and credible medical evidence to support a finding of a causal relationship (see id.).
We are similarly unpersuaded by the carrier's further contention that the WCLJ improperly curtailed its cross-examination of claimant and its development of the record regarding Workers' Compensation Law § 114-a. The hearing record reflects that the carrier's counsel was permitted to question claimant regarding the discrepancy between the accident report and the C-3 form [FN2]. The WCLJ expressly found claimant's testimony to be credible — that he injured both knees and ankles during the incident and that he could not account for the accident report's omissions — finding insufficient evidence of fraud. The Board agreed, finding no need for further development of the record and that the carrier had been properly limited to issues of causation and prevented from delving into matters that were precluded. "Whether a claimant has violated Workers' Compensation Law § 114—a is within the province of the Board, which is the sole arbiter of witness credibility" (Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d 1240, 1241 [2019] [internal quotation marks and citations omitted]), and we find no [*3]abuse of discretion in the limitations placed on the carrier (see Matter of Pascarella v Marlboro Fire Dept., 300 AD2d 896, 896 [2002]). The carrier's claim that it should have been granted an adjournment to cross-examine Grant was not raised in its administrative appeal and, thus, it is not preserved for our review (see Matter of Maffei v Russin Lbr. Corp., 146 AD3d 1207, 1209 [2017]).
Garry, P.J., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant made a similar report of his injuries to the carrier's consultant, who performed an independent medical exam and also found work-related exacerbations of bilateral knee and ankle conditions.

Footnote 2: Once the carrier raised Workers' Compensation Law §
114-a, claimant refused to answer further questions, on advice of his representative.