Matter of Bigdoski v Bausch & Lomb (2021 NY Slip Op 04940)





Matter of Bigdoski v Bausch & Lomb


2021 NY Slip Op 04940


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

532098
[*1]In the Matter of the Claim of Barbara Bigdoski, Claimant,
v
Bausch & Lomb et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:August 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Hamberger & Weiss LLP, Rochester (Stephen P. Wyder Jr. of counsel), for appellants.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed March 13, 2020, which ruled that claimant sustained a causally-related occupational disease and awarded workers' compensation benefits.
In 2019, several months after she began a customer service assignment for the employer that involved extensive typing and telephone work, claimant developed elbow and shoulder pain that eventually worsened to the point that she sought medical treatment and applied for workers' compensation benefits. Following a hearing at which claimant and the senior safety specialist who assessed her work station testified, a Workers' Compensation Law Judge determined that claimant had an occupational disease of the shoulders and right elbow with a date of disablement of June 20, 2019. Upon administrative review, the Workers' Compensation Board affirmed. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal, and we affirm.
In order to establish her claim for workers' compensation benefits for an occupational disease, claimant was obliged to come forward with competent medical evidence indicating a recognizable link between her condition and a distinctive feature of her work (see Matter of Sinelnik v AJK, Inc., 175 AD3d 1732, 1733 [2019]; Matter of Nicholson v New York City Health & Hosps. Corp., 174 AD3d 1252, 1252 [2019]). To that end, claimant testified that she began experiencing shoulder and elbow pain while typing in February 2019 and that this pain continued to be aggravated whenever she typed. Claimant also produced medical reports from her treating orthopedist, who diagnosed her with bilateral shoulder impingement and right lateral epicondylitis. The orthopedist further opined as to the probable underlying cause for those conditions and set forth a rational basis for that opinion, indicating that claimant's account of developing symptoms while typing was consistent with the objective evidence of her injuries and reflected a causal relationship between the two (see Matter of Donato v Taconic Corr. Facility, 143 AD3d 1028, 1029 [2016]). It was within the Board's power to credit claimant's account and the orthopedist's medical opinion — an opinion that, as the Board appropriately noted, the carrier made no effort to dispute via cross-examination or conflicting medical evidence — and that proof constitutes substantial evidence for its finding of an occupational disease (see Matter of Camby v System Frgt., Inc., 105 AD3d 1237, 1237-1238 [2013]; Matter of Curtis v Xerox, 66 AD3d 1106, 1108 [2009]; Matter of Hicks v Hudson Val. Community Coll., 34 AD3d 1039, 1040-1041 [2006]).
Finally, inasmuch as the evidence showed that claimant worked in an ergonomically appropriate work station and did not move her shoulders and elbows while typing, the Board properly rejected the carrier's suggestion that her "condition was caused by the configuration of [her] work space and the manner in which [she] used [*2]the equipment provided, rather than" the repetitive motion of typing that was a "unique feature of [her] particular employment" (Matter of Bates v Marine Midland Bank, 256 AD2d 948, 949 [1998]). The carrier's remaining challenge to the legal reasoning of the Board has been examined and lacks merit.
Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.