Matter of Urdiales v Durite Concepts Inc/Durite USA (2021 NY Slip Op 06411)





Matter of Urdiales v Durite Concepts Inc/Durite USA


2021 NY Slip Op 06411


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

532385
[*1]In the Matter of the Claim of Jose Urdiales, Appellant,
v
Durite Concepts Inc/Durite USA et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 20, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

John F. Clennan, Ronkonkoma, for appellant.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed May 13, 2020, which ruled that claimant did not sustain a causally-related occupational disease and denied his claim for workers' compensation benefits.
Claimant, a construction worker, filed a claim for workers' compensation benefits alleging that he had developed, among other ailments, respiratory problems due to an occupational disease caused by his exposure to epoxy and other chemicals during the course of his employment. The employer and its workers' compensation carrier controverted the claim, raising all defenses and contending that claimant was not actually an employee. Following a hearing, a Workers' Compensation Law Judge credited the testimony offered by the employer's president as to the nature and duration of claimant's work activities and disallowed the claim. Upon administrative review, the Workers' Compensation Board affirmed. This appeal ensued.
We affirm. "To establish an occupational disease, the claimant must demonstrate a recognizable link between his or her condition and a distinctive feature of his or her employment. Importantly, the Board's decision as to whether to classify a certain medical condition as an occupational disease is a factual determination that will not be disturbed if supported by substantial evidence" (Matter of Barker v New York City Police Dept., 176 AD3d 1271, 1272 [2019] [internal quotation marks and citations omitted], lv denied 35 NY3d 902 [2020]; see Matter of Gandurski v Abatech Indus., Inc., 194 AD3d 1329, 1329-1330 [2021]).
Claimant testified that he worked for the employer — a flooring company specializing in terrazzo work — 16 to 17 hours a day, six or seven days a week for nine years, during the course of which he worked with epoxy "all the time." According to claimant, he sometimes was provided with masks obtained from a home improvement store. The record reflects that, while working for the employer, claimant was treated in a local hospital on three occasions, once for cellulitis of his left knee (November 2012), once for bronchitis (February 2013) and once for an allergic reaction (August 2013).[FN1] The physicians who evaluated claimant each reported receiving a similar history from claimant, i.e., a report of chronic and protracted exposure to epoxy and other resins without adequate protective devices that, in turn, caused him to become ill and seek medical attention.
The employer's president offered a contrary account of claimant's employment history and duties. According to this witness, claimant worked for the employer "on and off" on an as-needed basis a few days each week, during which time claimant was tasked with cleaning and organizing the shop premises. Although the witness acknowledged that mixing and applying epoxy and other resins was part and parcel of the employer's business, he denied that claimant engaged in such activities, stating that claimant lacked the knowledge and/or equipment to work with[*2]"any of [the] mixtures of resin, the epoxies or anything like that." At best, the witness testified, claimant would be "standing in the back maybe cleaning" while the epoxies/resins were being mixed. Finally, the witness testified that claimant did not indicate that he was experiencing any breathing difficulties while employed at the premises, that all employees were provided with masks, gloves and goggles and that claimant ultimately was let go because he was attempting to organize his coworkers and sue the employer.
Each of the evaluating physicians opined that claimant suffered from various ailments — including, among other conditions, chemical tracheobronchitis and reactive airway dysfunction syndrome — that were causally related to his exposure to epoxy resins and isocyanides during the course of his employment. Those medical opinions, however, were based entirely upon the employment history provided by claimant. Upon reviewing the testimony offered by claimant and the employer's witness, the Board, as "the sole arbiter of witness credibility" (Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1358 [2018] [internal quotation marks and citations omitted]), deemed the employer's witness to be more credible and rejected claimant's account of his work history and duties (see generally Matter of Sarmiento v Empire Contr. of NY Corp., 188 AD3d 1384, 1384-1385 [2020]; Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d 1067, 1069 [2018]; Matter of Bagnato v General Elec., 156 AD3d 1268, 1269 [2017]). As the medical proof, in turn, was based upon what the Board concluded was an inaccurate work history, "the Board was free to reject this less-than-compelling medical evidence, and its finding that claimant did not submit credible medical evidence of a causally[-]related occupational disease is supported by substantial evidence" and will not be disturbed (Matter of Yanas v Bimbo Bakeries, 134 AD3d 1321, 1321 [2015] [internal quotation marks, brackets and citations omitted]). Claimant's remaining arguments, to the extent not expressly addressed, have been examined and found to be lacking in merit.
Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant also was treated for bronchitis shortly after he ceased working for the employer.