Matter of Patalan v PAL Envtl. (2022 NY Slip Op 00926)





Matter of Patalan v PAL Envtl.


2022 NY Slip Op 00926


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

532849
[*1]In the Matter of the Claim of Jerzy Patalan, Appellant,
v
PAL Environmental et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 6, 2022

Before:Garry, P.J., Clark, Aarons and Colangelo, JJ.

Schotter, Millican, Sinaniyeva & Masilela, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Brian M. Anson of counsel), for PAL Environmental and another, respondents.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed July 13, 2020, which ruled that claimant did not sustain a causally-related occupational disease and denied his claim for workers' compensation benefits.
Claimant, an asbestos handler from 1991 until his May 1, 2018 service retirement, filed a claim for workers' compensation benefits in June 2018 alleging that he suffered work-related injuries to his back, neck, both knees and wrists and his left foot. Claimant alleged that his injuries and conditions were the result of repetitive use, stress or strain from heavy lifting, carrying, pushing, kneeling and working in an awkward position as an asbestos remover. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim raising several defenses, including that claimant's injuries, some of which he had been treating for since 2003, were not causally related to his employment. Following a hearing, a Workers' Compensation Law Judge disallowed the claim, finding that claimant failed to offer proof of a causal link between his injuries and his work activities. Upon administrative review, the Workers' Compensation Board affirmed, and this appeal ensued.
We affirm. An occupational disease is "a disease resulting from the nature of [the] employment and contracted therein" (Workers' Compensation Law § 2 [15]), and does not derive from "a specific condition peculiar to an employee's place of work, nor from an environmental condition specific to the place of work" (Matter of Bodisch v New York State Police, 195 AD3d 1274, 1276 [2021] [internal quotation marks, brackets and citations omitted]; see Matter of Mack v County of Rockland, 71 NY2d 1008, 1009 [1988]). "To establish an occupational disease, the claimant must demonstrate a recognizable link between his or her condition and a distinctive feature of his or her employment. Importantly, the Board's decision as to whether to classify a certain medical condition as an occupational disease is a factual determination that will not be disturbed if supported by substantial evidence" (Matter of Urdiales v Durite Concepts Inc/Durite USA, 199 AD3d 1214, 1214 [2021] [internal quotation marks and citations omitted]; see Matter of Gandurski v Abatech Indus., Inc., 194 AD3d 1329, 1329-1330 [2021]; Matter of Sinelnik v AJK, Inc., 175 AD3d 1732, 1733 [2019]).
A review of the record supports the Board's determination that neither claimant's testimony nor the medical testimony and reports established a sufficient link between claimant's various injuries and a distinctive feature of his work duties (see Matter of Barker v New York City Police Dept., 176 AD3d 1271, 1272 [2019], lv denied 35 NY3d 902 [2020]). Claimant's treating physiatrist, Leonard Bleicher, testified to first examining him post-retirement on May 30, 2018, noted his various complaints, reviewed his medical history back to 2003, and offered diagnoses including bilateral [*2]wrist strains, left ankle strain, lumbar spine strain and knee strain with meniscal tear, which he opined were causally related to his employment. However, neither his report nor his testimony reflects that he had adequate knowledge of any of claimant's specific job duties, except in the most generalized sense, or the amount of time spent on these duties. As the Board accurately characterized, Bleicher's report and testimony only "generically refer to repetitive activities of lifting, carrying and removing asbestos without specifically outlining knowledge of time spent or the particular duties performed." Likewise, the report and testimony of the orthopedic surgeon who examined claimant on behalf of the carrier do not reflect knowledge of claimant's specific job duties and activities so as to support a finding of a causal relationship. The same is true of the other testifying medical witnesses. We have examined claimant's remaining arguments and find that none has merit. Accordingly, as the Board's finding that claimant did not meet the requirements of an occupational disease is supported by substantial evidence, it will not be disturbed (see Matter of Bodisch v New York State Police, 195 AD3d at 1276; Matter of Barker v New York City Police Dept., 176 AD3d at 1272; see also Matter of Gandurski v Abatech Indus. Inc., 194 AD3d 1329, 1331 [2021]).
Garry, P.J., Clark and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.