Matter of Sanchez v New York City Tr. Auth. (2022 NY Slip Op 04078)

Matter of Sanchez v New York City Tr. Auth.

2022 NY Slip Op 04078

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

534023
[*1]In the Matter of the Claim of Brenda Sanchez, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:May 26, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Schotter Millican, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Jones Jones LLC, New York City (David Secemski of counsel), for New York City Transit Authority, respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed February 18, 2021, which ruled, among other things, that claimant did not sustain a causally-related occupational disease and denied her claim for workers' compensation benefits.
In June 2016, claimant, a station agent for over 29 years, applied for workers' compensation benefits, citing repetitive stress injuries to her neck, back, left shoulder, left hip and left hand incurred as a result of her employment. The employer and its workers' compensation carrier controverted the claim. Following hearings at which deposition testimony of the parties' medical providers was submitted and claimant testified, the Workers' Compensation Law Judge disallowed the claim, finding that it was time-barred, which decision the Workers' Compensation Board, among other things, affirmed. Claimant sought judicial review, resulting in this Court reversing the Board's decision and remitting the matter for further proceedings (187 AD3d 1273 [2020]).
Upon remittal, the full Board adopted this Court's decision and referred the matter for further proceedings to the same Board panel that previously reviewed the claim. In a February 18, 2021 decision, the Board, discrediting the opinion of claimant's treating physician, found that claimant's alleged injuries were not causally related to her employment, that she did not sustain an occupational disease and disallowed the claim. Claimant appeals.
We affirm. "To be entitled to workers' compensation benefits for an occupational disease, a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical evidence" (Matter of Glowczynski v Suburban Restoration Co., Inc., 174 AD3d 1236, 1237 [2019] [internal quotation marks and citations omitted]; see Matter of Barker v New York City Police Dept., 176 AD3d 1271, 1272 [2019], lv denied 35 NY3d 902 [2020]). "To this end, a medical opinion on the issue of causation must signify a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of Mayette v Village of Massena Fire Dept., 49 AD3d 920, 922 [2008] [internal quotation marks and citations omitted]; see Matter of Lichten v New York City Tr. Auth., 132 AD3d 1219, 1219-1220 [2015]). "Importantly, the Board's decision as to whether to classify a certain medical condition as an occupational disease is a factual determination that will not be disturbed if supported by substantial evidence" (Matter of Patalan v PAL Envtl., 202 AD3d 1252, 1253 [2022] [internal quotation marks and citations omitted]; see Matter of Molina v Delta Airlines Inc., 201 AD3d 1193, 1194 [2022]).
A review of the record supports the Board's determination that claimant did not establish a sufficient causally-related link between claimant's injuries and a distinctive feature of her employment (see Matter of Patalan v PAL Envtl., 202 AD3d [*2]at 1253). Stephen Roberts, claimant's treating physician, diagnosed claimant with injuries to her neck, back, left shoulder, left hip and left hand, which he opined were caused by "repetitive activity over a period of time working as a station agent [and d]oing the various tasks that required lifting bags of coins." Roberts testified that, "It seemed a lot of her injury was due to lifting heavy objects[,] and bags of coins [were] a big problem. Heavy bags of coins." In that regard, claimant testified that her job duties initially involved unloading tokens from the station turnstiles, carrying the 25- to 30-pound bags of tokens to the station booth and pouring the tokens into the counting machine. However, claimant acknowledged that tokens were not utilized after 2003, but stated that she is still required to lift very heavy bags of quarters in the station booth.
Neither claimant's testimony nor the medical records contain any information as to the frequency or repetitiveness with which claimant lifted any heavy bags within the station booth. Moreover, Roberts' opinion did not indicate a correlation or mechanism by which the bag-lifting activity caused any, let alone all, of the injuries diagnosed. In the absence of such information, the Board rejected Roberts' medical opinion as not credible, which it was entitled to do (see Matter of Glowczynski v Suburban Restoration Co., Inc., 174 AD3d at 1237; Matter of Yanas v Bimbo Bakeries, 134 AD3d 1321, 1321 [2015]). Further, the medical evidence submitted by the employer indicated that claimant's injuries were not a result of repetitive work activity. Consequently, as there was no medical evidence establishing a recognizable link between claimant's injuries and repetitive movements associated with her work activities, substantial evidence supports the Board's determination that claimant did not establish that she sustained a causally-related occupational disease (see Matter of Patalan v PAL Envtl., 202 AD3d at 1253; Matter of Barker v New York City Police Dept., 176 AD3d at 1272-1273; Matter of Glowczynski v Suburban Restoration Co., Inc., 174 AD3d at 1238). We have reviewed claimant's remaining contentions and find them to be unpersuasive.
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.