Matter of Brancato v New York City Tr. Auth. (2022 NY Slip Op 04073)

Matter of Brancato v New York City Tr. Auth.

2022 NY Slip Op 04073

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

533429
[*1]In the Matter of the Claim of Anthony Brancato, Claimant,
v
New York City Transit Authority, Appellant. Workers' Compensation Board, Respondent.

Calendar Date:May 26, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for appellant.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed October 28, 2020, which ruled that claimant sustained a causally-related occupational disease and granted the claim for workers' compensation benefits.
Claimant worked for the employer for approximately 25 years — 7 years as a bus mechanic and 18 years in various supervisory roles, retiring in August 2019 as a general superintendent of maintenance. His work duties as a bus mechanic included using hand tools and impact guns, replacing tires and operating a heavy-duty tow truck to transport buses and large trucks, averaging 60 to 70 hours per week. As a supervisor, claimant assisted and instructed mechanics performing maintenance, and spent about 40% of his time at a desk using a computer to complete forms and reports. On December 9, 2019, claimant sought medical treatment for severe pain in his wrists, hands and thumbs, reporting that the onset of the intermittent symptoms had occurred in 1999 and they became severe and frequent by 2017. Claimant thereafter filed a claim for workers' compensation benefits, claiming that his condition was causally related to the repetitive stress of his job duties. Following hearings, a Workers' Compensation Law Judge determined that, as a result of repetitive stress, claimant sustained an occupational disease to both hands and both thumbs and set a date of disablement of December 9, 2019. On the employer's appeal, the Workers' Compensation Board affirmed, and the employer appeals.
We affirm. An occupational disease is "a disease resulting from the nature of [the] employment and contracted therein" (Workers' Compensation Law § 2 [15]), and "does not derive from a specific condition peculiar to an employee's place of work, nor from an environmental condition specific to the place of work" (Matter of Patalan v PAL Envtl., 202 AD3d 1252, 1252-1253 [2022] [internal quotation marks and citations omitted]; see Matter of Mack v County of Rockland, 71 NY2d 1008, 1009 [1988]; Matter of Bodisch v New York State Police, 195 AD3d 1274, 1275 [2021]). "To establish an occupational disease, the claimant must demonstrate a recognizable link between his or her condition and a distinctive feature of his or her employment[, and] the Board's decision as to whether to classify a certain medical condition as an occupational disease is a factual determination that will not be disturbed if supported by substantial evidence" (Matter of Urdiales v Durite Concepts Inc/Durite USA, 199 AD3d 1214, 1214 [2021] [internal quotation marks and citations omitted], lv denied 38 NY3d 907 [2022]; accord Matter of Patalan v PAL Envtl., 202 AD3d at 1253; see Matter of Bigdoski v Bausch & Lomb, 197 AD3d 1379, 1380 [2021]; Matter of Gandurski v Abatech Indus., Inc., 194 AD3d 1329, 1330 [2021]). "[W]here medical proof is relied upon to demonstrate the existence of a causal relationship, it must signify a probability of the underlying cause that is supported by a rational basis and [*2]not be based upon a general expression of possibility" (Matter of Molina v Delta Airlines Inc., 201 AD3d 1193, 1194 [2022] [internal quotation marks and citations omitted]).
The unrefuted medical testimony provided by claimant's treating physician, Gideon Hedrych, established that claimant's hand and thumb injuries were causally related to the distinctive nature of his employment activities.[FN1] Hedrych recounted claimant's specific job duties over his career for the employer, consistent with claimant's testimony, and summarized his medical findings regarding claimant's limited range of motion, altered sensation, weakness and atrophy, among others. Hedrych diagnosed claimant with repetitive stress injuries including hand and joint derangement with traumatic tendonitis, arthritis and nerve neuropathy. He opined that claimant's diagnoses were causally related to the nature of his job duties, including the use of both hands to operate power tools as a mechanic, and the period in which he experienced the onset of symptoms, providing a rational basis for his conclusions (see Matter of Molina v Delta Airlines Inc., 201 AD3d at 1195). Hedrych further concluded that claimant's subsequent supervisory work, while primarily sedentary, involved typing and writing, which further stressed his hands, wrists and thumbs, and "accelerated his injuries in his wrists and thumbs." In light of the foregoing, and given that no contrary medical opinions were presented, the Board's factual determination that claimant suffered from an occupational disease resulting from repetitive stress is supported by substantial evidence and will not be disturbed (see Matter of Garcia v MCI Interiors, Inc., 158 AD3d 907, 908 [2018]; Matter of Curtis v Xerox, 66 AD3d 1106, 1108 [2009]).
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The employer failed to obtain an independent medical examination of claimant and was found to have waived its right to do so.