Matter of Sanchez v New York City Tr. Auth. (2023 NY Slip Op 00914)

Matter of Sanchez v New York City Tr. Auth.

2023 NY Slip Op 00914

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

535753
[*1]In the Matter of the Claim of Brenda Sanchez, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:January 10, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ. 

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Jones Jones, LLC, New York City (David Secemski of counsel), for New York City Transit Authority, respondent.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed September 23, 2021, which ruled that claimant did not sustain a causally-related occupational disease and disallowed her claim for workers' compensation benefits.
Claimant, a railroad clerk until 1995 and thereafter a station agent for the employer, filed a claim for workers' compensation benefits in October 2020 for the occupational disease of bilateral carpal tunnel syndrome which she attributed to repetitive job duties during her 33-year employment. The employer controverted the claim. A hearing was held at which claimant testified to her job duties before and after 1995 and the onset of her symptoms. Pamela Levine, the orthopedic surgeon who began treating claimant in November 2020, testified that claimant had bilateral carpal tunnel syndrome that was causally-related to her job duties. A Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding, among other things, that claimant had not established that her medical condition was causally related to her employment duties. The Workers' Compensation Board affirmed the WCLJ's decision, finding that claimant had failed to demonstrate a sufficient causal link between her alleged occupational disease and a distinctive feature of her employment,[FN1] and this appeal ensued.
We affirm. An occupational disease is "a disease resulting from the nature of [the] employment and contracted therein" (Workers' Compensation Law § 2 [15]), and "does not derive from a specific condition peculiar to an employee's place of work, nor from an environmental condition specific to the place of work" (Matter of Patalan v PAL Envtl., 202 AD3d 1252, 1252-1253 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Brancato v New York City Tr. Auth., 206 AD3d 1418, 1418 [3d Dept 2022]). "To establish an occupational disease, the claimant must demonstrate a recognizable link between his or her condition and a distinctive feature of his or her employment . . . , [and] the Board's decision as to whether to classify a certain medical condition as an occupational disease is a factual determination that will not be disturbed if supported by substantial evidence" (Matter of Urdiales v Durite Concepts Inc/Durite USA, 199 AD3d 1214, 1214 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 38 NY3d 907 [2022]; accord Matter of Brancato v New York City Tr. Auth., 206 AD3d at 1418-1419), "notwithstanding other evidence in the record that could support a contrary conclusion" (Matter of Yolinsky v Village of Scarsdale, 202 AD3d 1262, 1264 [3d Dept 2022]).
A review of the record supports the Board's determination that claimant failed to proffer sufficient credible medical evidence to establish a causal relationship between her bilateral carpal tunnel syndrome and a distinctive feature of her employment. Claimant testified that, prior to 1995, her job duties as a railroad clerk included manual tasks and [*2]maintenance at the transit turnstiles, heavy lifting and protracted coin and token handling and counting. She explained that, following the adoption of the MetroCard system in 1995, her duties as a station agent changed and she was primarily engaged in the task of adding money to MetroCards for passengers at a booth. Although this position involved some currency and coin counting, her regular tasks shifted to customer service, particularly issuing MetroCards by using a keyboard and typing. Claimant recounted that her wrist symptoms worsened in February 2020, when she first sought medical treatment and was diagnosed with carpal tunnel syndrome.
Levine testified that, based upon her exams of claimant in November 2020 and January 2021 and her reported work history, claimant had the work-related occupational disease of bilateral carpal tunnel syndrome. Although Levine was cognizant of claimant's job duties, and the fact that they had changed in 1995, the record supports the Board's conclusion that her testimony and opinion did not reflect a detailed understanding, except in the most generalized sense, of claimant's specific job duties in the 25 years after the introduction of MetroCards, which changed her role, or the relationship between her more recent duties and her condition (see Matter of Patalan v PAL Envtl., 202 AD3d at 1253; cf. Matter of Grinnage v New York City Tr. Auth., 210 AD3d 1251, 1254 [3d Dept 2022]). Although Levine recounted the various manual tasks claimant performed up until 1995, she offered no explanation as to whether and how tasks not performed since 1995 contributed to a medical condition first diagnosed in 2020. "As it is within the province of the Board to evaluate the medical evidence before it" (Matter of Yolinsky v Village of Scarsdale, 202 AD3d at 1265) and, "[i]n light of the less-than-compelling medical evidence tendered by claimant, substantial evidence supports the Board's finding that claimant failed to establish that [s]he had sustained an occupational disease" (Matter of Bonet v New York City Tr. Auth., 205 AD3d 1287, 1289 [3d Dept 2022] [internal quotation marks and citation omitted]; see Matter of Urdiales v Durite Concepts Inc./Durite USA, 199 AD3d at 1216). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit (see Matter of Bonet v New York City Tr. Auth., 205 AD3d at 1289).
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Although the WCLJ, in part, based the disallowance of the 2020 claim for bilateral carpal tunnel syndrome on the finding that this claimed occupational disease had been litigated and rejected in the context of claimant's prior 2016 workers' compensation claim (see Matter of Sanchez v New York City Tr. Auth., 206 AD3d 1428 [3d Dept 2022]), the Board specifically repudiated that finding.