Matter of Kretunski v Citywide Envtl. Servs. LLC (2024 NY Slip Op 06255)

Matter of Kretunski v Citywide Envtl. Servs. LLC

2024 NY Slip Op 06255

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CV-23-0875
[*1]In the Matter of the Claim of Marian Kretunski, Appellant,
v
Citywide Environmental Services LLC et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 17, 2024

Before:Garry, P.J., Egan Jr., Aarons, Lynch and Ceresia, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for Citywide Environmental Services LLC and another, respondents.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed April 17, 2023, which ruled that claimant did not sustain a causally-related occupational disease and denied his claim for workers' compensation benefits.
The facts of this case are more fully set forth in this Court's prior decision in the matter (202 AD3d 1423, 1423 [3d Dept 2023]). Claimant filed a claim for workers' compensation benefits based upon repetitive stress injuries purportedly sustained in his job as an asbestos handler. The Workers' Compensation Board initially disallowed the claim as untimely, a determination that we reversed (id. at 1425). Following remittal, the Board found, as relevant here, that the claim should be disallowed because claimant did not sustain a compensable occupational disease. Claimant appeals.
We affirm. An occupational disease is "a disease resulting from the nature of [the] employment and contracted therein" (Workers' Compensation Law § 2 [15]), and "does not derive from a specific condition peculiar to an employee's place of work, nor from an environmental condition specific to the place of work" (Matter of Patalan v PAL Envtl., 202 AD3d 1252, 1252-1253 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Hill-Holley v Kings County Hosp., 227 AD3d 1327, 1328 [3d Dept 2024]; Matter of Brancato v New York City Tr. Auth., 206 AD3d 1418, 1418 [3d Dept 2022]). "To be entitled to workers' compensation benefits for an occupational disease, a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical evidence" (Matter of Velez v Eger Health Care & Rehab Ctr., 217 AD3d 1095, 1096 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of DeWolf v Wayne County, 228 AD3d 1218, 1218 [3d Dept 2024]; see Matter of Phelan v Bethpage State Park, 126 AD3d 1276, 1277 [3d Dept 2015], lv denied 25 NY3d 911 [2015]). "To this end, a medical opinion on the issue of causation must signify a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of Sanchez v New York City Tr. Auth., 206 AD3d 1428, 1429 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of DeWolf v Wayne County, 228 AD3d at 1218-1219).
Claimant testified that on a typical job removing asbestos he, along with "[t]wo or three" colleagues, would carry between "100 to even 1,000" bags of debris weighing "60 and 70 pounds" to the dumpster every day. Claimant also described carrying various materials into the worksite which included "microtrap[s]" weighing 70 pounds and using an "electric hammer" that would vibrate and cause him to lose sensation in his hands and experience pain in his joints. In stark contrast to claimant's testimony, the employer's project manager testified that the heaviest piece of equipment that claimant would have had to use was a "[c]hipping [*2]gun," which weighed about eight pounds, and that the bags of debris the asbestos handlers would be required to carry could not hold 70 pounds and instead weighed 10 to 15 pounds. The project manager asserted that, if there were many bags of debris to remove, such as up to 1,000 as claimant testified, there would have been up to 30 workers there to handle such a task and, further, that no one would accept bags of debris weighting 50 to 70 pounds. While the project manager conceded that he had visited claimant's jobsite only about six times, he was familiar with claimant's work given his 30-year tenure as asbestos manager and/or licensed asbestos handler. As the arbiter of fact, the Board was entitled to "credit[ ] the testimony of [the project manager] regarding claimant's job duties in determining that claimant failed to sufficiently prove a specific repetitive movement suggesting a link between a distinctive feature of his job and his injuries" (Matter of Yanas v Bimbo Bakeries, 134 AD3d 1321, 1321 [3d Dept 2015] [internal quotation marks, brackets and citation omitted]; see Matter of Sanchez v New York City Tr. Auth., 206 AD3d at 1430).
Turning to the medical testimony, although claimant's treating physician found claimant's condition to be causally-related to his job activities as an asbestos remover, the physician's understanding of claimant's job duties was based upon claimant's reporting that he lifted tools weighing between 15 and 50 pounds and carried bags of debris weighing over 50 pounds. Further, the carrier's consultant did not review claimant's job description and based his opinion regarding causation upon his general knowledge of the work of an asbestos handler (see Matter of Patalan v PAL Envtl., 202 AD3d at 1253). "Given the medical providers' limited understanding of claimant's specific job duties, except in the most generalized sense, such that they did not, indeed could not, demonstrate a recognizable link between his conditions and a distinctive feature of his employment, the Board's rejection of claimant's medical proof as insufficient and its finding that he failed to submit sufficient, credible medical evidence to establish a recognizable link between his specific, repetitive job duties and his conditions is supported by substantial evidence and will not be disturbed" (Matter of Morgan v Kinray, Inc., 226 AD3d 1288, 1291 [3d Dept 2024] [internal quotation marks, ellipses, brackets and citations omitted]; see Matter of DeWolf v Wayne County, 228 AD3d at 1219-1220; Matter of Sanchez v New York City Tr. Auth., 206 AD3d at 1430; Matter of Yanas v Bimbo Bakeries, 134 AD3d at 1321). To the extent that the parties' remaining contentions are properly before us, they are either academic in light of our decision or have been considered and found to be without merit.
Garry, P.J., Egan Jr., Aarons and Lynch, JJ., concur.
ORDERED that the decision is affirmed, without costs.