Matter of Moe v America Ootoya Chelsea (2026 NY Slip Op 00551)

Matter of Moe v America Ootoya Chelsea

2026 NY Slip Op 00551

Decided on February 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 5, 2026

CV-24-0962
[*1]In the Matter of the Claim of Than Moe, Claimant,
vAmerica Ootoya Chelsea et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 13, 2026

Before:Aarons, J.P., Pritzker, Ceresia, Powers and Mackey, JJ.

Morrison Mahoney LLP, New York City (David H. Allweiss of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.

Aarons, J.P.
Appeals from a decision and an amended decision of the Workers' Compensation Board, filed April 16, 2024 and August 28, 2024, which, among other things, ruled that claimant sustained a causally-related occupational disease.
In December 2022, claimant submitted a workers' compensation claim asserting that she had sustained injuries to both her elbows resulting from her employment duties as a line cook. The Workers' Compensation Board assembled the claim and, on January 23, 2023, sent a notice that the claim was indexed to the parties of interest, including to the employer's workers' compensation carrier at the address on file with the Board. On February 28, 2023, claimant's counsel submitted a request for further action, seeking a hearing on the establishment of the occupational disease claim, noting that no timely notice of controversy had been filed by the carrier accepting or denying the claim. Following the imposition of a monetary penalty against the carrier for failing to timely file a notice of controversy, the carrier, on April 20, 2023, filed a notice of controversy denying the claim and asserting various defenses. On May 26, 2023, the carrier submitted its prehearing conference statement and attached a letter requesting that its notice of controversy be deemed timely, asserting that it never received the notice of indexing and only became aware of the claim in April 2023.
By decision filed June 13, 2023, the Workers' Compensation Law Judge (hereinafter WCLJ) found that the carrier filed the notice of controversy beyond the 25 days of the mailing of the notice that the matter had been indexed as required by Workers' Compensation Law § 25 (2) (b) and, finding no good cause for the delay, denied the carrier's request to deem the late notice of controversy timely. Accordingly, the carrier was barred from pleading that no employer-employee relationship existed, that no accident occurred and that there was no injury arising out of and in the course of the employment. In addition, the WCLJ noted that the matter was designated for transfer to the special part for expediated hearings and directed that the deposition of claimant's treating physician be filed prior to August 1, 2023. The carrier sought administrative review of that part of the WCLJ's decision denying its request to deem the late notice of controversy timely.
At the next scheduled hearing in July 2023, and at which claimant testified, the carrier sought an extension of time to depose claimant's treating physician based upon its pending administrative appeal. The WCLJ, in a decision filed July 21, 2023, denied the carrier's request to extend the deposition schedule pending resolution of the administrative appeal from the June 13, 2023 decision. The carrier then sought administrative review of the July 21, 2023 decision. Thereafter, by decision filed September 18, 2023, the WCLJ established the claim for an occupational disease for bilateral elbow injuries based upon claimant's testimony [*2]and the medical report submitted by claimant's treating physician. From that decision, a third administrative appeal by the carrier ensued.
In a decision filed April 16, 2024, the Board affirmed the WCLJ's June 13, 2023, July 21, 2023 and September 18, 2023 decisions. Subsequently, the Board, in a decision filed August 28, 2024, amended its prior decision by clarifying and correcting some information but otherwise affirmed. The carrier appeals from both Board decisions.
Initially, we are unpersuaded that the Board misapplied Workers' Compensation Law § 25 (2) (b) in finding the notice of controversy to be untimely. The statute provides, in relevant part, that "[f]ailure to file the notice of controversy within the prescribed
[25-]day time limit [from the date of mailing of a notice that the case has been indexed] shall bar the employer and its insurance carrier from pleading that the injured person was not at the time of the accident an employee of the employer, or that the employee did not sustain an accidental injury, or that the injury did not arise out of and in the course of the employment" (Workers' Compensation Law § 25 [2] [b]). The record reflects that the notice of controversy was filed on April 20, 2023 — 87 days past the date that the notice of indexing was sent to the carrier on January 23, 2023. It was not until May 26, 2023 that the carrier requested in a letter attached to its prehearing conference statement that the notice of controversy be deemed timely. Although the carrier asserted that it did not receive the notice of indexing, the record reflects that such notice was mailed to the carrier's address on file with the Board, there was no assertion that such address was incorrect and numerous other documents had also been sent to the carrier at that correct address. Given the belated request to excuse the delay in filing the notice of controversy, and there being no showing of good cause to excuse such failure, we find no error in the Board denying the carrier's request to deem the notice of controversy timely filed (see Workers' Compensation Law § 25 [2] [b]; Matter of Cappellino v Baumann & Sons Bus Co., 18 NY3d 890, 891-892 [2012]). As such, and contrary to the carrier's contention, the carrier was properly precluded from disputing claimant's evidence on the issue of causation (see Matter of Cappellino v Baumann & Sons Bus Co., 18 NY3d at 891-892; see also Workers' Compensation Law § 25 [2] [b]).
We also find no error in the Board denying the carrier's request for an adjournment of the deposition of claimant's treating physician. The record reflects that the matter was scheduled on the expedited hearing process. Pursuant to the Board's regulations, a matter transferred to the special expedited hearing process shall only be adjourned "in an emergency" (12 NYCRR 300.38 [j] [1]), which is a "serious event" that "includes death in the family, serious illness, significant prior professional or business commitment, and inclement [*3]weather that prevents travel[, and] does not include any event that can be prevented or mitigated by the timely taking of reasonable action" (12 NYCRR 300.38 [j] [5]; see 12 NYCRR 300.34 [f] [1]). The carrier's adjournment request was premised on its pending administrative appeal challenging the WCLJ's June 13, 2023 decision, which does not fall within the emergency exceptions to the no-adjournment rule for expedited hearings (see 12 NYCRR 300.38 [j] [5]). As such, the Board's denial of the adjournment request will not be disturbed (see Matter of Maffei v Russin Lbr. Corp., 146 AD3d 1207, 1208-1209 [3d Dept 2017]).
To the extent that the carrier challenges the establishment of the claim, a review of claimant's testimony regarding her employment history and onset of bilateral elbow pain, together with the medical report and opinion of her treating physician, provide substantial evidence to support the Board's finding that claimant demonstrated a causal relationship between her condition and a distinctive feature of her employment so as to establish a claim for an occupational disease (see Matter of Brancato v New York City Tr. Auth., 206 AD3d 1418, 1418-1419 [3d Dept 2022]; Matter of Bigdoski v Bausch & Lomb, 197 AD3d 1379, 1380 [3d Dept 2021]). The carrier's remaining contentions, to the extent not explicitly addressed, are without merit.
Pritzker, Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the decision and amended decision are affirmed, without costs.