Matter of Murad v Tri-State Groundwater Solutions, LLC (2026 NY Slip Op 01825)

Matter of Murad v Tri-State Groundwater Solutions, LLC

2026 NY Slip Op 01825

Decided on March 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 26, 2026

CV-24-1227
[*1]In the Matter of the Claim of Andrew Murad, Appellant,
vTri-State Groundwater Solutions, LLC, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 11, 2026

Before:Garry, P.J., Aarons, Ceresia, Fisher and Mackey, JJ.

The Perecman Firm, PLLC, New York City (Edward W. Guldi of counsel), for appellant.
Chartwell Law, New York City (Marissa J. Huber of counsel), for Tri-State Groundwater Solutions, LLC and another, respondents.
Cherry, Edson & Kelly, LLP, Melville (David W. Faber of counsel), for MLJ Contracting Corp. and another, respondents.
Santacrose, Frary & Whiting, Buffalo (Shannon L. Spencer of counsel), for Halmar International, Inc. and another, respondents.
David F. Wertheim, State Insurance Fund, Albany (Gabriel Colon of counsel), for State Insurance Fund, respondent.
Gerber Ciano Kelly Brady LLP, Buffalo (Stanley L. Evans of counsel), for Pristine Services, Inc. and another, respondents.
Goldberg Segalla, Rochester (Bradford J. Reid of counsel), for Starr Indemnity & Liability, respondent.
Vecchione, Vecchione & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Ferreira Construction Co., Inc. and another, respondents.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed June 10, 2024, which disallowed claimant's claim for workers' compensation benefits.
Claimant, a union member who worked as a maintenance foreperson and as a heavy equipment mechanic for various companies over the years, applied for workers' compensation benefits in 2021 and claimed that he had sustained an occupational disease due to osteoarthritis in his knees worsened by work-related repetitive movement. Following the taking of deposition testimony from two physicians who had treated or examined claimant and hearings at which claimant and others testified, a Workers' Compensation Law Judge disallowed the claim upon finding that claimant's treating physician had not credibly testified to the requisite link between claimant's knee problems and his work. Upon administrative review, the Workers' Compensation Board affirmed. Claimant appeals.
We affirm. "To establish an occupational disease, the claimant must demonstrate a recognizable link between his or her condition and a distinctive feature of his or her employment, and the Board's decision as to whether to classify a certain medical condition as an occupational disease is a factual determination that will not be disturbed if supported by substantial evidence, even where there is record evidence that could support a contrary result" (Matter of Morgan v Kinray, Inc., 226 AD3d 1288, 1289-1290 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Kretunski v Citywide Envtl. Servs. LLC, 233 AD3d 1218, 1218-1219 [3d Dept 2024]). Where, as here, "medical proof is relied upon to demonstrate the existence of a causal relationship, it must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of Lichten v New York City Tr. Auth., 132 AD3d 1219, 1219 [3d Dept 2015]; see Matter of Sanchez v New York City Tr. Auth., 206 AD3d 1428, 1429 [3d Dept 2022]).
Claimant's treating physician, orthopedic surgeon Omid Barzideh, consistently failed to render a definitive opinion that claimant's arthritic knees were connected to his work activities. Barzideh only suggested that such a link was "possible" in a November 2021 report. When asked during a later deposition if a causal relationship existed between claimant's knee condition and his work activities, Barzideh could only reply "yes and no" and offer claimant's work as one of a number of possible explanations. In fact, Barzideh admitted that he "d[id no]t know what the cause of [claimant's] arthritis" was and that the deterioration of that condition could have resulted from a variety of things other than work, including claimant's age, physical condition and a fall and separate twisting injury sustained in 2021 that the record gave no reason to believe were work related. Barzideh also failed to explain what work activities he believed had exacerbated claimant's condition, testifying [*2]that he was "not exactly sure" what claimant's work as a "[h]eavy vehicle mechanic" involved and did not believe that he had been given a list of claimant's specific work duties. The Board was free to, and did, "reject as inadequate [this] less-than-compelling medical evidence submitted by claimant" (Matter of Glowczynski v Suburban Restoration Co., Inc., 174 AD3d 1236, 1238 [3d Dept 2019] [internal quotation marks and citations omitted]; see Matter of Bonet v New York City Tr. Auth., 205 AD3d 1287, 1288-1289 [3d Dept 2022]).
The Board noted that the other medical evidence in the record offered no support for a connection between claimant's work and his condition. Indeed, the Board pointed out that Mark Harper, an orthopedic surgeon who had reviewed Barzideh's notes and other medical records and examined claimant himself in October 2022, specifically opined that the degenerative joint disease in claimant's knees was not causally-related to his work and that the available information only permitted speculation as to whether work exacerbated that condition. Thus, in the absence of credible medical evidence establishing a recognizable link between claimant's knee condition and his work, "substantial evidence supports the Board's determination that claimant did not establish that [he] sustained a causally-related occupational disease" (Matter of Sanchez v New York City Tr. Auth., 206 AD3d at 1430; see Matter of Bonet v New York City Tr. Auth., 205 AD3d at 1288-1289; Matter of Simpson v New York City Tr. Auth., 151 AD3d 1160, 1161-1162 [3d Dept 2017]). Claimant's remaining contentions have been examined and are lacking in merit.
Aarons, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.